Houck, J.
The plaintiff, Dillon Fisher, is an elector and taxpayer, and the father of children of school age, who reside with him in the Basil village school district of Fairfield county, Ohio.
The defendants are the members of the board of education of the Liberty union village school *416 district of said county, the county board of education of Fairfield county, Ohio, and C. C. Miller, as clerk of the said county board of education.
The amended petition of the plaintiff seeks to enjoin the defendants from taking any steps or doing any act toward the abolishment of two village school districts, known as the Basil village school district and the Baltimore village school district, and from selling certain bonds and doing certain other things in the way of creating these two districts into a new one to be known as the Liberty union village school district;
These villages and school districts adjoin each other.
In February, 1916, the county board of education of Fairfield county united these two village school districts into one new district, appointed a provisional board of education for same, and authorized the issuance of $60,000 of bonds to purchase a site and erect a new school building thereon.
The petition seeks to restrain the issuance of these bonds, the purchase of the school site and the erection of the building, and to prevent the consolidation of these two village districts into a new one.
A general demurrer was filed to the amended petition in the court below, and was sustained, and error is here prosecuted seeking a reversal of the judgment of the common pleas court.
Plaintiff in error relies upon the claim that the county board of education was wholly without authority or power, statutory or otherwise, to create a new school district out of the two village districts. In other words, learned counsel for the *417 plaintiff in error contend that a county board of education has no jurisdiction to dissolve village districts and create a new district therefrom.
Section 4684, General Code, clearly defines what constitutes a county school district:
“Each county, exclusive of the territory embraced in any city school district and the territory in any village school district exempted from the supervision of the county board of education by the provisions of sections 4688 and 4688-1, and territory detached for school purposes, and including the territory attached to it for school purposes, shall constitute a county school district. In each case where any village or rural school district is situated in more than one county such district shall become a part of the county school district in which the greatest part of the territory of such village or rural district is situated.”
We find no allegation in the amended petition that would warrant us in holding that the two village districts in question are within the exceptions found in the above statute; but we do find that they are not within the exceptions.
Therefore, if they are not exempted from' the provisions of Section 4684, General Code, as provided in Sections 4688 and 4688-1, General Code, then they are under the jurisdiction and authority of the county board of education as contemplated in and provided by Section 4684, General Code, and the county board of education has full and complete power and authority to create a new district from the territory embraced in them.
No claim is made in the amended petition that advantage was taken by the electors of the new *418 school district of the provisions of Section 4736, General Code, part of which reads, “Which said arrangement shall be carried into effect as proposed unless, within thirty days after the filing of such notice with the board or boards of education, a majority of the qualified electors of the territory affected by such order of the county board, file a written remonstrance with the county board against the arrangement of school districts so proposed.”
From a careful examination of Section 4736, General Code, which further provides, “The county board of education is hereby authorized to create a school district from one or more school districts or parts thereof,” we are fully convinced that the county board of education has full power and authority over village districts and may create a new district by consolidating two village districts.
This language is clear, plain and explicit and certainly gives to the county board full and complete power in the premises; unless the village district or districts are exempted from the jurisdiction of the county board of education as provided in Sections 4688 and 4688-1, General Code, which does not appear in the immediate case.
Section 4679, General Code, reads as follows:
“The school districts of the state shall be styled, respectively, city school districts, village school districts, rural school districts and county school districts.”
Thus it will be seen that we have four kinds of school districts: city, village, rural and county.
The statute, Section 4684, General Code, specifically exempts city districts from the jurisdiction of a county board of education, but gives it com *419 píete authority over rural and village districts, unless village districts take advantage of the provisions of Sections 4688 and 4688-1, General Code, and thereby become exempt from such jurisdiction.
We hold that a fair interpretation of the provisions of the new school code, and the legislative intent, which must be ascertained from the language used in the code, can lead to but one conclusion as to the jurisdiction of a county board of education over village districts, and that is, that it has such jurisdiction unless they become exempt therefrom in the way provided by said law.
In passing upon the question raised by the demurrer to the amended petition we have put aside any technical points that might be urged and have looked wholly and entirely to the real question involved, and the one urged and relied upon by counsel for plaintiff in error, namely: Has a county board of education jurisdiction to dissolve two village districts, which have not become exempt as provided by Sections 4688 and 4688-1, General Code, and to create a new district from the territory embraced therein?
We must and do answer this inquiry in the affirmative.
Thus holding, we find that the common pleas court was not in error when it sustained the demurrer to the amended petition in this case; and finding no prejudicial error in the record the judgment of the common pleas court must be affirmed.

Judgment affirmed.

Powell and Shields, JJ., concur.